ANDREW HICKMAN v. THE STATE OF TEXAS.

In an issue of insanity, the non-professional witness should not be allowed to give his opinion as to sanity or insanity, but should be confined to the acts of the subject, leaving the jury to form their opinion as to their cause.

APPEAL from Leon. Tried below before the Hon. John B. Rector.

The facts sufficiently appear in the opinion.

No counsel for appellant.

*Attorney-General*, for the State.

OGDEN, J.—There may have been error in the rulings of the court in sustaining the objections raised in regard to the question propounded to the witness Thomas, upon the subject of insanity or imbecility.

The statements of a simple opinion or belief of a non-professional man, in regard to the mental condition of another person, would be of little value in aiding a jury to arrive at a correct conclusion, unless the facts upon which that opinion was based were also given. But whether insanity or imbecility actually exists, is generally a question of opinion which cannot be demonstrated other than by the actions or language of the party.

A professional man may judge with some degree of accuracy, from pathological symptoms, of the mental condition of a patient; but the non-professional man has only the actual demonstrations of the person from which to form his judgment; and in that case it would, in our opinion, be a better practice, as a general rule, to confine the witness to a statement of those demonstrations, and leave the jury to form their own opinion as to the cause. And yet it is held by high authority that the opinions of witnesses on the question of sanity are admissible to prove that fact. (1 Greenleaf on Evidence, p. 440.)

But the facts proven on the trial in this case render the ruling of the court quite immaterial. The testimony of the mother of appellant clearly establishes the fact of sanity, while the proof of his acts on the day he committed the offense, as well as subsequent acts, show conclusively that he had a clear conception of the fact that he was violating the law and committing a wrong.

And we think the simple opinion of a non-professional man on the question of insanity, independent of any and all facts upon which that opinion was founded, should have had but little influence upon the jury or the court below. There is no such error in the ruling of the District Court as will require a reversal of the judgment, and it is affirmed.

AFFIRMED.